# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

RODJAUN O. NEAL-WILLIAMS,

    Plaintiff,

v.

MONTGOMERY COUNTY
DEPARTMENT OF CORRECTIONS,
SUSAN MALAGARI,
KENDRA JOCHUM,
CS3 HERNANDEZ,
SGT. EREKOSIMA,
SGT. E. WATKINS and
CO OPUTA,

    Defendants.

Civil Action No. TDC-22-2306

## MEMORANDUM OPINION

Plaintiff Rodjaun O. Neal-Williams, an inmate incarcerated at the Montgomery County Correctional Facility ("MCCF") in Boyds, Maryland, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in which he alleges a violation of the Fourteenth Amendment to the United States Constitution arising from a disciplinary hearing at which he was found guilty of breaking a window and ordered to pay the cost of replacing the window. Defendants MCCF Warden Susan Malagari, Deputy Warden Kendra Jochum, Correctional Officer Sylvia Hernandez, Sgt. Ibisio Erekosima, Sgt. Erick Watkins, and Correctional Officer Jamal Oputa have filed a Motion to Dismiss, which is fully briefed. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Defendants' Motion will be GRANTED.

## BACKGROUND

On November 30, 2021 at approximately 11:00 p.m., Correctional Officer ("CO") Oputa was conducting rounds in the MCCF Medical Unit and approached Neal-Williams's cell. CO Oputa asked Neal-Williams about a crack in his cell window, and Neal-Williams stated that he did not know how the crack had occurred and that he was not responsible for it. Later that same shift, CO Oputa returned to Neal-Williams's cell with Sgt. Watkins. When Sgt. Watkins asked Neal-Williams about the crack in the window, Neal-Williams stated that the window had been cracked for a "couple days" and that he first noticed it when he returned to MCCF after attending a medical appointment outside of the facility. Compl. at 3, ECF No. 1. Sgt. Watkins informed Neal-Williams that he was going to be transferred to a new cell and that MCCF would investigate the crack in the window. Sgt. Watkins also assured Neal-Williams that he would not be charged with a disciplinary violation "unless evidence pointed to [him] cracking the window." *Id.* Later that night, however, Sgt. Watkins came to Neal-Williams's new cell and served him with a notice of infraction charging him with willful destruction of County property and disorderly conduct.

On December 3, 2021, CO Hernandez and Sgt. Erekosima conducted an adjustment hearing at Neal-Williams's cell. During the hearing, Neal-Williams asserted that he was not guilty of the charges and maintained that he first noticed the crack in the window when he returned from an outside medical appointment a couple of days before he was charged with the violations. He also stated that several correctional officers had conducted rounds while the window was cracked, but none of them had raised an issue about it, which led him to conclude that they were aware of it.

By contrast, according to an Incident Report, multiple officers reported that the window was not broken when they conducted rounds on November 30, 2021. At the hearing, CO

2

Hernandez asked Neal-Williams what he thought caused the crack. Neal-Williams stated that he had observed three metal screens leaning on the outside glass of the window when he returned from his medical appointment. After the hearing, CO Hernandez and Sgt. Erekosima served Neal-Williams with a notice that he had been found guilty of both charges and that he was required to pay $4,126 in restitution for the damaged window. This restitution amount was later reduced to $2,977 after the window was repaired for that amount.

Pursuant to the process outlined in the MCCF Inmate Guidebook, Neal-Williams filed an appeal with Warden Malagari. Neal-Williams asserts that, although the MCCF Inmate Guidebook states that the Warden shall render a decision within five days of the date of the filing of an appeal, he did not receive a timely response. He contends that he was forced to send numerous letters to the Warden before he "finally" received a response. *Id.* at 6. On January 18, 2022, Neal-Williams received a response from Deputy Warden Jochum, who denied the appeal and stated that Neal-Williams was found guilty on the basis of his sole occupancy in the cell with the damaged window.

Construed liberally, the Complaint alleges a violation of due process rights under the Fourteenth Amendment. Neal-Williams asserts that the basis for the guilty finding does not constitute "substantial evidence" as required by the MCCF Inmate Guidebook and that the amount of restitution he was ordered to pay is excessive. *Id.* at 7. He states that he has suffered various injuries from the alleged violation of his due process rights, including multiple suicide attempts, mental distress, the inability to order commissary items, and the inability to afford haircuts or calls to his family because MCCF has taken money out of his inmate account to make payments toward the restitution. Neal-Williams seeks a refund of all funds taken from his account to pay the restitution as well as damages for mental distress in the amount of $90,000.

## DISCUSSION

In their Motion, Defendants seek dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(6) on the following grounds: (1) the Montgomery County Department of Correction and Rehabilitation (the "DOCR") is not a legal entity capable of being sued; (2) damages for mental distress are not recoverable under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) (2018); (3) the Complaint fails to allege a violation of federal constitutional rights because the disciplinary proceeding complied with the applicable due process requirements; and (4) the individual Defendants have qualified immunity from suit.

### I.     Legal Standards

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

The parties have attached several exhibits to their briefs. Typically, when deciding a motion to dismiss under Rule 12(b)(6), the Court considers only the complaint and any attached documents. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir.

2007). In this case, Neal-Williams has attached to the Complaint the Adjustment Report from his adjustment hearing, his Inmate Grievance Form filed after that hearing, and the Disciplinary Appeal Memorandum in which Deputy Warden Jochum denied his appeal.

On a Rule 12(b)(6) motion, courts are also permitted to consider a document attached to a motion to dismiss "when the document is integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge the document's authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). Here, the additional documents attached by Defendants to their Motion consist of the Notice of Infraction, the Incident Report, the Inmate Adjustment Disposition, the Restitution Agreement, photographs of the cracked window, the MCCF Inmate Guidebook, and a Declaration from Deputy Warden Jochum. Neal-Williams attached to his brief a Job Authorization Form relating to the repair of the window and the Restitution Agreement. Where the Complaint specifically references the charges against Neal-Williams, the adjustment hearing, and the disposition, the Court will consider the Notice of Infraction, the Incident Report, the Adjustment Hearing Disposition, and the Restitution Agreement as integral to the Complaint. The remaining exhibits may not be considered in resolving the Motion.

## II. DOCR

At the outset, Defendants assert that claims against the DOCR should be dismissed because the DOCR is not a legal entity capable of being sued. Section 1983 provides that a plaintiff may file suit against any "person" who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the

United States. 42 U.S.C. § 1983. For purposes of § 1983, a "person" includes individuals and "bodies politic and corporate." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 688 (1978). Defendants assert that the DOCR is a subordinate department of the Montgomery County government and therefore does not qualify as a "person" for purposes of this lawsuit. Where it is Montgomery County, and not its departments and agencies, that is a proper body politic for purposes of a § 1983 claim, the Motion will be granted as to the claims against DOCR. *See Hines v. French*, 852 A.2d 1047, 1068 (Md. Ct. Spec. App. 2004) (finding that naming a county police department was improper because "police departments are not legally cognizable entities subject to suit in [their] own name" and that the proper defendant was the county itself). The Motion to Dismiss will thus be granted as to all claims against the DOCR.

### III.   Due Process

Defendants further argue that Neal-Williams's allegations do not rise to the level of a due process violation because he was afforded the due process requirements applicable to the adjustment hearing at which he was found guilty of cracking the window and ordered to pay restitution. Prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution, so the full array of rights due to a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In prison disciplinary proceedings that implicate a possible loss of diminution credits, a prisoner is entitled to certain due process protections which include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing at which the inmate is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary

hearing involves complex issues; and (5) an impartial decision-maker. *See id.* at 564–71. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. *See Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976); *Brown v. Braxton*, 373 F.3d 501, 504–05 (4th Cir. 2004). If these procedural protections are provided, due process will be satisfied if "there was some evidence from which the conclusion of the administrative tribunal could be deduced." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).

Where, as here, the disciplinary proceeding did not result in the loss of good conduct credits, a liberty interest is not implicated unless Neal-Williams was subjected to conditions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Where Neal-Williams did not lose good conduct credits such that his overall term of imprisonment was lengthened, and he did not receive any change in his conditions of confinement, he was not even entitled to these limited due process protections. Neal-Williams, however, has alleged a deprivation of property in that he has been ordered to pay $2,977 as restitution for the cracked window. Because this sanction arguably constituted a deprivation of a protected property interest under the Due Process Clause, the Court will consider whether the due process protections required in disciplinary proceedings were made available to Neal-Williams. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569-72 (1972) (stating that procedural due process requirements apply to a deprivation of property interests protected by Fourteenth Amendment, including money).

Here, based on the allegations in the Complaint, Neal-Williams received written notice of the charges against him, was provided a pre-deprivation hearing at which he testified, and received a written decision identifying the basis for the ruling, which included statements by multiple correctional officers that they did not observe the crack in the window before Neal-Williams

occupied the cell. Thus, the decision was based on "some evidence from which the conclusion of the administrative tribunal could be deduced," as is required to satisfy due process. *Hill*, 472 U.S. at 455. Neal-Williams also had the opportunity to file an appeal to the Warden, which was denied, and the limited delay in receiving a decision does not violate due process. Where the MCCF Inmate Guidebook provides that restitution is a potential sanction for the charged violations, and the sanction as amended constituted the cost of repair, Neal-Williams has not demonstrated how the amount violates due process.

Neal-Williams's only meaningful objection to the process is his broad claim in his memorandum in opposition to the Motion that MCCF's video footage would show that he did not break the window. While a prisoner has a qualified right to access video surveillance evidence to be presented in a disciplinary hearing, the record does not reflect that Neal-Williams requested that video surveillance evidence be obtained and presented at the adjustment hearing, or argued at the hearing that video footage would support his position. *See Lennear v. Wilson*, 937 F.3d 257, 270-72, 275 (4th Cir. 2019) (discussing the qualified right as a right to have video surveillance evidence in disciplinary proceedings "upon an inmate's request" in the absence of a valid reason to deny the request, and noting that as a general matter, absent exceptional circumstances, an inmate must timely request the video evidence). Indeed, Neal-Williams, has not provided a basis to conclude that there was any video footage of his cell window. *See id.* at 276, 279 (considering the argument that the video did not exist as a basis to deny a due process claim based on the alleged failure to produce video evidence at a hearing). Under these circumstances, the Court finds no due process violation from the failure to present any such evidence at the hearing.

In the end, the Court recognizes that Neal-Williams objects to the limited proof of the violation, and that the amount of the sanction is causing significant financial hardship to him. In

light of the limited evidence available and the severe impact caused by the restitution order, a lesser sanction may well have been more appropriate. In assessing whether there is a viable due process claim, however, the Court's analysis is limited only to an assessment of whether the minimum procedural requirements were met and whether there was "some evidence" supporting the ruling. *Hill*, 472 U.S. at 447; *see Tyler v. Hooks*, 945 F.3d 159, 171 (4th Cir. 2019) (stating that "the 'some evidence' standard is extremely broad in scope and presents a very low burden for prison officials to meet"). Under this standard, the Court finds that Neal-Williams has not alleged facts sufficient to support a viable claim for a violation of due process. Accordingly, the Motion to Dismiss will be granted. The Court therefore need not address the remaining arguments for dismissal.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be GRANTED. A separate Order shall issue.

Date: September 13, 2023

THEODORE D. CHUANG
United States District Judge